McIlvaine, J.
The judgment of the district court was clearly wrong.
The funds in the administrator’s hands for distribution arose from the personal estate of the intestate owned by him at the date of his death on August 13,1880. Section 6194 of Revised Statutes, then in force, provides, “ where the intestate shall not have .left any legitimate child, heir of 1ns body, the widow shall be entitled to all the personal property, as next of kin, which may be subject to distribution upon settlement of his estate; and if the intestate shall have left such child, the widow shall be entitled, upon distribution, to one-half of any'sum not exceeding four hundred dollars, and to one-third of the residue of the personal estate subject to distribution.” This case falls within the last clause of this section.
It matters not when or from what source the personal estate of which the intestate may die possessed, was acquired; the operation of the statute is the same where there is no bar. The facts in this case do not constitute a bar. The alleged fact, that the plaintiff in error received the one-third of the purchase price of the land sold “in full satisfaction of all claims on her"part against her husband or his heirs for or on account of the proceeds of said sale of said premises,” was-not proved ; but on the other hand it was found by the court, that she did not sell or reiin *188 quisli any other marital right except her dower in' the premises sold. That she was paid liberally for her inchoate right of dower in the premises is undoubtedly true ; but she was paid only the value thereof as agreed upon between her husband and herself ; and surely she does not thereby stand in a worse j>osition toward the balance of her husband’s estate, than she would in case her husband had transferred to her a like separate estate by way of gift. Such gift would not bar the widow of the giver from an interest in the distribution of his personal estate subject to distribution.
The present case, however, is more analogous to one whore the husband conveys his real estate subject to the inchoate dower in his wife, and after the purchase price, to wit, the value of the land less the value of such inchoate right, falls into his personal estate, dies, whereby the inchoate right of dower becomes dower consummate in his widow. Surely no one would contend that the right of the widow to her statutory share in the distribution of the personal estate of her husband, would be at all affected by the fact that such personal estate was augmented by the conversion of such real estate into personalty. Motion granted.
Jiodgment of district court reversed, and judgment entered in famor of plaintiff in error.